February 24, 1908.

————o————

## No. 4261.

(Court of Appeal, Parish of Orleans.)

## MINOPRIO, FORGAN & COMPANY vs. WESTERN UNION TELEGRAPH COMPANY.

1. The doctrine heretofore announced by us that, where a message was unintelligible to the Telegraph Company (a cipher message), and it is not shown that it had any knowledge of the purport or character of the message, nor that any damage or loss would result from any error in the message or its non-transmission, only nominal damages will be allowed, is adhered to.
2. Where the price of the message is not claimed by the plaintiffs, it will not be allowed.

Appeal from Civil District Court, Division "C."

John F. Tobin, Plaintiff and Appellant.

Howe, Spencer & Cocke, Defendant and Appellee.

ESTOPINAL, J.  The plaintiff, liquidators of Holford Minoprio & Company, of this City, and Minoprio Holford &

Company, of Liverpool, England, both composed of the same individuals, the former being engaged in the cotton export business in this city, and the latter, in the cotton business in Liverpool, England, claim of the defendant $440.82, which sum they aver represents the loss suffered by them by reason of the omission by the defendant company of three words in a cipher cablegram sent by the Liverpool firm to that in this city.

For the purposes of this opinion it is not necessary to state in detail the averments of plaintiff's petition and the various items of damages recited which go to make up the aggregate amount claimed.

The cable message, as delivered to the defendant in Liverpool, contained the following twelve words:

"Holminop, New Orleans, Galeistraf, dipnoi, Granzoso, Liebsesin Dipnoi liciatorum," diomus, grapholite, Gradatos and Texas.

The three words omitted are: Dipnoi, Granzoso, Liebsesin, which, translated into English mean: "We make firm bid two hundred bales of fu'ly middling cotton at 4 3-4d twenty-eight millimeters, January and February delivery, shipment to Havre."

When the omission was discovered another message was sent, and the order was filled. Three days had elapssd since the sending of the message in which were the omitted words, and the market price of cotton in the meantime had gone higher. The quantum of damages is predicated on the difference in price of cotton on the day that the message complained of was sent, and its price three days later. Plaintiffs claim additionally the expenses of extra cablegram in connection with the transaction, but no demand is made for the price of the original cablegram.

Defendant pleads the general issue, and then specially sets up the defense that the London firm, sender of the message, having signed the conditions on the back of the message that this operates as a bar to plaintiff's action herein. The defandant further pleads that if it was guilty of any negligence, then, and in that event, the plaintiffs were guilty of contributory negligence, and cannot recover for this to-wit:

"That the message as delivered to defendant in Liverpool, contained twelve (12) words, and that the message as delivered in New Orleans, contained only nine words, but also contained on its face the number "12" under the word "words," that said

notation is always placed under cablegrams delivered by defendant, and indicates the number of words of which the original cablegram consisted, and defendant charges plaintiffs with knowledge of this custom and its meaning, they having been for many years in the cotton business, buying and selling, and conducting such transactions by cablegram through the office of defendant.

We have searched this record with great dilligence to discover whether or not the defendant had knowledge of the import and nature of the message, or whether from any circumstance of this case the defendant was charged with knowledge of the character of the message. We confess that we have been unable to find this either in the testimony or in the pleadings. The plaintiff's side has been presented with marked ability, the counsel urging upon us with great force that this case is differentiated from similar suits decided by this Court, the Supreme Court of this State, and other jurisdictions, by reason of the admission in defendant's answer. That by admitting in its pleadings that plaintiffs had been long in the business of buying and selling cotton, and of conducting and transacting same by cablegram through the office of defendant, &c., the defendant must be charged with the knowledge of the nature of the message. At first blush this argument appears to have some merit, but a reading of the answer discloses that defendant does not aver that *cipher messages* were sent by plaintiffs, non-constat that all the messages, that went before were open messages, non-constat but that the cipher message under discussion was the only one ever sent by plaintiffs.

Reference to the testimony fails to inform us whether or not plaintiffs had sent other cipher messages before. Had defendant expressly said in his answer that plaintiffs had for many years been in the habit of sending, in relation to their business, *cipher messages*, perhaps a different case would be presented about which we are not now called upon to express ourselves. We do not think therefore that the respondent has made the character of admission which in any way differentiates this case or benefits plaintiffs from those decided by this Court. It appears to us that the defense of contributory negligence set up, has much force. It is not denied by plaintiffs that they sent many messages through defendant, nor do they deny that they were familiar with the meaning of the number placed on the

cablegrams to indicate the number of words that the message should contain. Defendant received a message containing twelve words, sent the message short of three words, but placed the number "12" on the message. Under the showing made, plaintiffs were charged with knowledge that the message was not complete, and it was their duty in order to minimize the damages to at once take steps to ascertain the reason for the obvious, to them, discrepancy in the message, and thereby minimize the consequent damages.

From the record before us we are unable to draw any line of difference between the case at bar and similar cases decided by us, and the same doctrine enunciated in Jovit Cau vs. Postal Telegraph & Cable Company, and Stewart Carnal Company vs. The Postal Telegraph Company, recently decided by this Court, and in which the Supreme Court refused a writ of review, must be applied here. To the proposition urged by counsel that the action is one ex-delicto, we need but refer to the case of DeGrange vs. Southwestern Telegraph Company, 25th Annual 383-4, where the Court holds that a telegraph company is both the agent of the sender and receiver of a message, and the action arises ex-contractu and not ex-delicto. Plaintiffs make no claim for the price of the message, and if they had, there is no evidence establishing the amount paid, consequently, we are powerless to give it. The claim for the expense incurred to correct the error for which the defendant was responsible, must also be rejected.

This was a cipher message. In the cases cited supra, decided by this Court, and in Primrose vs. Western Union Telegraph Company, 154, U. S. 1, it has been held that when the message was of that character (cipher), the only damages deemed to be within the contemplation of the parties is the price of transmission. Therefore, the price of the original message must be rejected, because not claimed, and the claim for the price of other messages made necessary by error in the first, is disallowed, because not within the contemplation of the parties.

The judgment appealed from must be affirmed.

Moore, J., not having heard the argument, takes no part.

June 21, 1907.

### ON REHEARING.

ESTOPINAL, J. A further examination of this case has

served to confirm us in the correctness of the conclusion reached in our original opinion.

Counsel for plaintiffs now directs our attention to the fact that our former opinion was, in a measure, pitched upon the question of contributory negligence, an issue not seriously urged before us, though found in the pleadings.

Counsel has made it plain to us that in this we were in error, our appreciation of the facts upon which this branch of the case was considered being manifestly erroneous.

The defendant in its pleadings charges that the plaintiffs had knowledge of the meaning or significance of certain numbers appearing on the face of the telegram which are intended to indicate the number of words which the message should contain, and on this particular message the number "12" appearing, this was notice to the plaintiffs, the message containing as it did, only *nine* words, that the same was short three words.

Our first examination of the testimony led us to the belief that this defense was supported by proof, but we now realize that in this we erred and readily appreciate the reason for the failure of astute counsel for the telegraph company, to urge the defense of contributory negligence in this Court.

The evidence shows plaintiffs or their agent had no knowledge of the meaning of the various notations which appeared on the face of the message and in consequence cannot be charged with negligence for failing to call defendant's attention to the deficiency in the message, and thereby miminize the damages.

This was a cipher message, written in words entirely unintelligible to the defendant who had no knowledge of their significance. Even if this record shows, as contended that defendant was familiar with the nature of the business conducted by plaintiffs, we hesitate, in view of the jurisjrudence on the question, to hold that implied knowledge, as in the instant case, gathered or to be inferred from a general knowledge of prior dealings or methods, is sufficient to charge the Telegraph Company with that knowledge of the import of the cypher message which would take this case out of the category, of leading cases in this and other jurisdictions on this point.

In Primrose vs. Western Union Telegraph Company 154, U. S. p. 1, the Court says:

"In the present case, the message was, and was evidently intended to be, wholly unintelligible to the Telegraph Company

or its agents. They were not informed, by the message or otherwise, of the nature, importance or extent of the transaction to which it related, or of the position which the plaintiff would probably occupy if the message were correctly transmitted. *Mere knowledge that the plaintiff* was a wool merchant, and that Toland was in his employ, had no tendency to show what the message was about. According to any understanding which the telegraph company and its agents had or which the plaintiff could possibly have supposed that they had, of the contract between these parties, the damages which the plaintiff seeks to recover in this action for losses upon wool purchased by Toland, were not such as could reasonably be considered, either as arising, according to the usual course of things, from the supposed breach of the contract itself, or as having been in contemplation of both parties when they made the contract, as a probable ant would be powerless to disprove it."

Following the doctrine ennunciated in the case cited supra, we are of opinion that mere knowledge that the plaintiff in the present case was a cotton merchant or broker and that the receiver of the message was either the agent or partner of plaintiff's, had no tendency to show what the message was about or that the message concerned a business transaction and that negligence in its transmission might be attended with pecuniary loss.

In Jovite Cau vs. Postal Telegraph and Cable Company, 3 C. of A., Report p. 12 this Court, said:

"A cipher message, unintelligible in phraseology and giving on its face no warning of possible consequential damages, in case of non-delivery, might form the basis of a claim for an amount of a character all the more exhorbitant that the defendant would be powerless to disprove it."

Plaintiff complains that price of the message should have been allowed even though not prayed for in his petition.

True the telegraph company in its contract admits its liability for the cost of the message, but when the cost is not, shown in either the petition, the admission in the answer, or the evidence, the Court is unable to ascertain it and therefore powerless to grant it.

Our previous decree remains undisturbed.